UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BENJAMIN RASLAVICH, *individually and on behalf of all others situated*,

Plaintiff,

v. CASE NO.:

NORTHFIELD HOLDING CORP. d/b/a FLORIDA WINDOW & DOOR,

Defendant.

_________________________________/

**DEFENDANT NORTHFIELD HOLDING CORP. d/b/a FLORIDA WINDOW & DOOR'S NOTICE OF REMOVAL**

Defendant, NORTHFIELD HOLDING CORP. d/b/a FLORIDA WINDOW & DOOR ("Northfield" or "Defendant"), by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1331, 1441, 1446(b), and M.D. Fla. R. 1.06, hereby files this Notice of Removal to the United States District Court, Middle District of Florida, Tampa Division, for the cause of action presently pending in the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, Case No.: 25-CA-008365 and styled: *Benjamin Raslavich, individually and on behalf of all others similarly situated v. Northfield Holding Corp. d/b/a/ Florida Window & Door* ("State Court Action"). As grounds in support of this Notice of Removal, the following is stated:

1. On August 27, 2025, Plaintiff, BENJAMIN RASLAVICH ("Plaintiff") commenced this action by filing a Complaint in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, Case No. 25-CA-008365 ("Complaint").

2. In his Complaint, Plaintiff alleges that Northfield the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.* (the "TCPA"). Complaint, ¶ 1.

3. The Complaint was served on Northfield on October 1, 2025. Therefore, this Notice of Removal is timely filed within the thirty-day statutory period for removal pursuant to 28 U.S.C. §1446(b). There has been no waiver by Northfield of its right to remove this cause.

4. In accordance with M.D. Fla. R. 1.06 and 28 U.S.C. § 1446(a), true and legible copies of all pleadings and papers on file with the state court are attached as **Composite Exhibit 1**. These papers include Plaintiff's Complaint and service documents. Northfield has not yet filed its response in the State Court Action. Northfield is not aware of any other pending motions or briefs.

5. This action is removable under 28 U.S.C. § 1441 because it is a civil action over which this Court has federal questions jurisdiction pursuant to 28 U.S.C. § 1331. The requirements of 28 U.S.C. § 1331 have been met because in the Complaint, Plaintiff alleges violation of the TCPA.

6. Accordingly, this case is a civil action arising under the laws of the United States over which this Court has original jurisdiction, and, therefore, is one which may be removed to this Court pursuant to 28 U.S.C. § 1441(a).

7. This action is pending in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida and, therefore, venue for purposes of removal is proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a).

8. Prompt written notice of this Notice of Removal if being sent to Plaintiff and to the Clerk of Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, as

required by 28 U.S.C. § 1446(d) and M.D. Fla. R. 1.06. A copy of the notice is attached as **Exhibit 2**.

9. The undersigned counsel represents and is authorized to represent that the Defendant consents to the removal of this action. The undersigned counsel is Attorney of Record for Defendant and is authorized to act on behalf of Defendant in seeking Removal of this cause to the United States District Court, Middle District of Florida, Tampa Division. Further, the undersigned Counsel of Record is a fully licensed attorney in the State of Florida and is authorized to practice in the United States District Court, Middle District of Florida.

## FEDERAL QUESTION JURISDICTION

10. Under 28 U.S.C. § 1331, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

11. This Court has original jurisdiction over this matter pursuant to the TCPA. *See Verma v. Walden Univ., LLC*, 666 F. Supp. 3d 1214, 1216 (M.D. Fla. 2023) ("It is well established that claims asserted pursuant to the TCPA provide federal courts federal question jurisdiction") (citing *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014)).

## REMOVAL JURISDICTION

12. This action is properly removed pursuant to 28 U.S.C. §§ 1441 and 1446.

13. Under § 1441(a), "any civil action brought in a State court of which the district court of the United Stated have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

14. Plaintiff filed this action in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida. The Middle District of Florida is the judicial district



**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 500 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

embracing Hillsborough County, Florida. This Court, therefore, is the proper district court to which this case should be removed. *See* 28 U.S.C. §§ 1441(a), 1446(a).

15. According to § 1446(b), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b).

16. The Complaint was served on Northfield on October 1, 2025. Therefore, pursuant to 28 U.S.C. §1446(b), this removal is timely because thirty days have not elapsed from the date of service of the Complaint.

17. Pursuant to § 1446(a), Northfield is simultaneously filing with this Notice of Removal copies of all process, pleadings, and orders served on Defendant in this removed action. *See* 28 U.S.C. § 1446(d).

18. Northfield reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

19. The allegations set forth in this Notice of Removal are true and correct to the best of the knowledge and belief of the undersigned attorney.

20. Counsel for Northfield has conferred with counsel for Plaintiff and counsel for Plaintiff does not oppose removing this cause from the Circuit Court for the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, to the United States District Court for the Middle District of Florida, Tampa Division.

21. Accompanying this Notice of Removal is a Civil Cover Sheet as well as the required filing fee.



**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 500 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

**WHEREFORE**, the Defendant, NORTHFIELD HOLDING CORP., d/b/a FLORIDA WINDOW & DOOR, hereby gives Notice of Removal and petitions this Court for the entry of an Order removing this cause from the Circuit Court for the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, to the United States District Court for the Middle District of Florida, Tampa Division.

Dated: October 31, 2025

Respectfully submitted,

**COLE, SCOTT & KISSANE, P.A.**
*Counsel for Northfield Holding Corp.*
*d/b/a Florida Window and Door*
Esperanté Building
222 Lakeview Avenue, Suite 500
West Palm Beach, Florida 33401
Telephone (561) 383-9200
Facsimile (561) 683-8977

By: */s/ Justin Kolnick*
JUSTIN KOLNICK
Florida Bar No.: 1059202
LIZZA C. MALDONADO
Florida Bar No.: 1002945

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this October 31, 2025, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

By: */s/ Justin Kolnick*
JUSTIN KOLNICK
Florida Bar No.: 1059202

## SERVICE LIST

Carlos Cedeno, Esq.

KUHN RASLAVICH, P.A
carlos@theKRfirm.com
efiling@tenenbaumlawgroup.com
2110 West Platt Street
Tampa, FL 33606
(813) 422-7782