**IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT**
**IN AND FOR HILLSBOROUGH COUNTY, FLORIDA**

Benjamin Raslavich, *individually and on behalf of all others similarly situated*,

Plaintiff,

v.

NORTHFIELD HOLDING CORP. d/b/a FLORIDA WINDOW & DOOR,

Defendant,
_______________________________________/

**CLASS ACTION**

**JURY TRIAL DEMANDED**

Case No:

## CLASS ACTION COMPLAINT

COMES NOW, Plaintiff Benjamin Raslavich ("Plaintiff"), and brings this class action against Defendant NORTHFIELD HOLDING CORP. d/b/a FLORIDA WINDOW & DOOR ("Defendant") for Defendant's violations of the Telephone Consumer Protection Act, alleging as follows:

## NATURE OF THE ACTION

1. This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. (the "TCPA").
2. To promote its goods and services, Defendant engages in unsolicited sales and marketing telephone calls to consumers that have registered their telephone numbers on the National Do Not Call Registry.
3. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

4. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

5. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

6. Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct which has resulted in intrusion into the peace and quiet in a realm that is private and personal to Plaintiff and the Class members. Plaintiff also seeks statutory damages on behalf of himself and members of the Class, and any other available legal or equitable remedies.

**PARTIES**

7. Plaintiff is, and at all times relevant hereto was, a citizen and resident of Hillsborough County, Florida.

8. Plaintiff is, and at all times relevant hereto was, an individual and a called party under the TCPA in that Plaintiff was the regular user of cellular telephone number ***-***-4551 ("Plaintiff's Telephone Number") that received Defendant's unwanted telephonic solicitations.

9. Defendant is, and at all times relevant hereto was, a Florida Corporation doing business in Florida.

10. Defendants is a "person" as the term is defined by 47 U.S.C. § 153(39).

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction pursuant to Florida Rule of Civil Procedure 1.220 and Fla. Stat. § 26.012(2). The matter in controversy exceeds the sum or value of $50,000.00 exclusive of interest, costs, and attorney's fees.

12. Defendant is subject to personal jurisdiction in Florida because this suit arises out of and relates to Defendant's contacts with this state. Defendant made or caused to be made telephone solicitations into Florida to a telephone number registered on the national do-not-call registry. Plaintiff received such solicitations while residing and physically present in Florida.

13. Venue in this District is proper because Plaintiff resides here, Defendant does business here, and the complained of conduct of Defendant occurred here.

## FACTUAL ALLEGATIONS

14. Defendant sells and installs windows and doors.

15. Defendant's marketing strategy involves placing unsolicited sales and marketing telephone calls to telephone numbers registered on the national do-not-call registry.

16. Defendant's telephonic sales and marketing campaign is motivated by its desire to sell its good and/or services to the recipients of its telephone calls.

17. Since at least June 5, 2025, Defendant made, or caused to be made, at least two unsolicited sales and marketing telephone calls to Plaintiff's cellular telephone.

18. On June 6, 2025 at approximately 11:52am, Defendant made, or caused to be made, an unsolicited sales and marketing telephone call to Plaintiff's cellular telephone from telephone number (813) 738 - 6832. After Plaintiff answered this call, Defendant marketed its products and/or services to Plaintiff.

19. On August 27, 2025 at approximately 2:55pm, Defendant made, or caused to be made, an unsolicited sales and marketing telephone call to Plaintiff's cellular telephone from telephone number (656) 201 - 6544. After Plaintiff answered this call, Defendant marketed its products and/or services to Plaintiff, specifically referencing its "Labor Day" sale, and stated that the call was being recorded.
20. Plaintiff was in Florida when he received the above detailed telephone calls.
21. Defendant's telephone calls constitute telemarketing as the telephone calls were motivated, at least in part, by the desire to ultimately sell Defendant's goods and/or services.
22. Defendant telephone calls are advertisements as Defendant intended to offer its goods and/or services for sale during Defendant's telephone calls.
23. Defendant had no other legitimate purpose to place telephone calls to Plaintiff's cellular telephone other than to ultimately attempt to sell Plaintiff its goods and/or services.
24. Plaintiff is the regular user of the telephone number that received the above solicitations.
25. Plaintiff registered his cellular telephone number on the National Do-Not-Call Registry on or about May 22, 2019.
26. Plaintiff utilizes his cellular telephone number for personal purposes and the number is Plaintiff's residential telephone line and primary means of reaching Plaintiff at home.
27. Upon information and belief, Defendant maintains and/or has access to outbound transmission reports for all telephone calls made advertising/promoting its services and goods. These reports show the dates, times, target telephone numbers, and content of each telephone call made to Plaintiff and the Class members.
28. Plaintiff has never had any type of business relationship with Defendant.
29. Plaintiff never provided his telephone number to Defendant.

30. Plaintiff never signed any type of authorization permitting or allowing Defendant to place telephone calls to his cellular telephone.

31. Defendant's unlawful conduct resulted in intrusion into the peace and quiet in a realm that is private and personal to Plaintiff and the Class members.

32. Defendant's unsolicited telemarketing caused Plaintiff and the Class members harm, including violations of their statutory rights, trespass, annoyance, nuisance, invasion of their privacy, and intrusion upon seclusion. Defendant's telephone calls also occupied storage space on Plaintiff's and the Class members' telephones and drained cellphone battery.

33. All conditions precedent to the filing of this action have occurred or been waived.

## CLASS ALLEGATIONS

34. Plaintiff brings this lawsuit as a class action on behalf of Plaintiff individually and on behalf of all other similarly situated persons as a class action pursuant to Florida Rule of Civil Procedure 1.220(b)(2) and (b)(3). The "Class" that Plaintiff seeks to represent is defined as:

> **All persons in the United States whose, (1) telephone numbers were on the National Do Not Call Registry for at least 30 days, (2) but received more than one telephonic solicitation from or on behalf of Defendant (3) within a 12-month period, (4) from four years prior the filing of the Complaint.**

35. Defendant and its employees or agents are excluded from the Class.

36. Plaintiff reserves the right to amend the class definition.

37. Upon information and belief, Defendant has placed violative telephonic solicitation calls to telephone numbers belonging to at least 50 persons. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

38. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

39. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

    a. Whether Defendant initiated multiple telephonic solicitation to Plaintiff and the Class members who had registered their numbers on the National Do Not Call Registry;

    b. Whether Defendant is liable for damages, and the amount of such damages.

40. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits telephonic solicitations to numbers registered on the national do-not-call registry is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

41. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

42. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

43. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are large, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the

expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

44. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**COUNT I**
**Violations of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d)**
**(On Behalf of Plaintiff and the Class)**

45. Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1 through 44 as if fully set forth herein.

46. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides in pertinent part that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

47. Per 47 C.F.R. § 64.1200(e), § 64.1200(c) is "applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

48. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which

were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

49. Defendant violated 47 C.F.R. § 64.1200(c) by initiating telephone solicitations to telephone subscribers such as Plaintiff and the Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

50. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and Class members received more than one message in a 12-month period from Defendant in violation of 47 C.F.R. § 64.1200.

51. As a result of Defendant's conduct as alleged herein, Plaintiff and the Class members suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

52. Plaintiff and Class Members are entitled to an award of treble damages if their actions are found to have been knowing or willful.

53. Plaintiff and the Class members are also entitled to and do seek injunctive relief prohibiting Defendant from advertising their goods or services, except for emergency purposes, to any number on the National Do Not Call Registry in the future.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

b) An award of statutory damages for Plaintiff and each member of the Class as applicable under the TCPA;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) Injunctive relief prohibiting Defendant from making telephone calls advertising goods or services, except for emergency purposes, to any number on the National Do Not Call Registry in the future;

e) Such further and other relief as the Court deems necessary.

**JURY DEMAND**

Plaintiff, individually and on behalf of the Class, hereby demand a trial by jury.

DATED: August 27, 2025

Respectfully Submitted By:

*/s/ Carlos Cedeno*

**CARLOS CEDENO, ESQ.**
Florida Bar No.: 1054291
**KUHN RASLAVICH, P.A.**
2110 West Platt Street
Tampa, Florida 33606
Telephone: (813) 422 – 7782
Facsimile: (813) 422 – 7783
carlos@theKRfirm.com
Counsel for Plaintiff