**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

BENJAMIN RASLAVICH, *individually and on behalf of all others situated*,

Plaintiff,

v.

NORTHFIELD HOLDING CORP. d/b/a FLORIDA WINDOW & DOOR,

Defendant.

______________________________/

**CLASS ACTION**

**JURY TRIAL DEMANDED**

CASE NO.: 8:25-cv-02985-JLB-CPT

**DEFENDANT, NORTHFIELD HOLDING CORP., d/b/a FLORIDA WINDOW & DOOR'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant, NORTHFIELD HOLDING CORP., d/b/a FLORIDA WINDOW & DOOR ("Defendant" or "Northfield"), by and through undersigned counsel, hereby files it Answers and Affirmative Defenses to the Amended Class Action Complaint [D.E. 15] filed by Plaintiff, and states as follows:

## NATURE OF THE ACTION

1. Defendant denies that it engaged in any unlawful conduct. The remaining allegations in paragraph 1 asset legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.
2. Defendant denies the allegations contained in paragraph 2.
3. The allegations in paragraph 3 assert legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

4. The allegations in paragraph 4 assert legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.
5. The allegations in paragraph 5 assert legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.
6. The allegations in paragraph 6 assert legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

**PARTIES**

7. Defendant is without knowledge as to the truth or falsity of the allegations in paragraph 7 and therefore denies the allegations.
8. Defendant is without knowledge as to the truth or falsity of the allegations in paragraph 8 and therefore denies the allegations.
9. Defendant admits that it is a Florida Corporation doing business in Florida.
10. The allegations in paragraph 10 assert legal conclusions and thus no response is required. To the extent a response is required, Defendant denies the allegations.

**JURISDICTION AND VENUE**

11. The allegations in paragraph 11 assert legal conclusions and thus no response is required. To the extent a response is required, Defendant denies the allegations.
12. The allegations in paragraph 12 assert legal conclusions and thus no response is required. To the extent a response is required, Defendant denies the allegations.
13. The allegations in paragraph 13 assert legal conclusions and thus no response is required. To the extent a response is required, Defendant denies the allegations.



**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 500 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

## FACTUAL ALLEGATIONS

14. Defendant denies the allegations contained in paragraph 14.
15. Defendant denies the allegations contained in paragraph 15.
16. Defendant denies the allegations contained in paragraph 16.
17. Defendant denies the allegations contained in paragraph 17.
18. Defendant denies the allegations contained in paragraph 18.
19. Defendant denies the allegations contained in paragraph 19.
20. Defendant is without knowledge as to the truth or falsity of the allegations in paragraph 20 and therefore denies the allegations.
21. The allegations in paragraph 21 assert legal conclusions and thus no response is required. To the extent a response is required, Defendant denies the allegations.
22. The allegations in paragraph 22 assert legal conclusions and thus no response is required. To the extent a response is required, Defendant denies the allegations.
23. Defendant denies the allegations contained in paragraph 23.
24. Defendant is without knowledge as to the truth or falsity of the allegations in paragraph 24 and therefore denies the allegations.
25. Defendant is without knowledge as to the truth or falsity of the allegations in paragraph 25 and therefore denies the allegations.
26. Defendant is without knowledge as to the truth or falsity of the allegations in paragraph 26 and therefore denies the allegations.
27. Defendant is without knowledge as to the truth or falsity of the allegations in paragraph 27 and therefore denies the allegations.



**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 500 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

28. Defendant is without knowledge as to the truth or falsity of the allegations in paragraph 28 and therefore denies the allegations.
29. Defendant is without knowledge as to the truth or falsity of the allegations in paragraph 29 and therefore denies the allegations.
30. Defendant is without knowledge as to the truth or falsity of the allegations in paragraph 30 and therefore denies the allegations.
31. Defendant is without knowledge as to the truth or falsity of the allegations in paragraph 31 and therefore denies the allegations.
32. Defendant states that any outbound transmission reports referenced in paragraph 32 speak for themselves; otherwise, Defendant denies the allegations.
33. Defendant denies the allegations contained in paragraph 33.
34. Defendant denies the allegations contained in paragraph 34.
35. Defendant denies the allegations contained in paragraph 35.
36. The allegations in paragraph 36 assert legal conclusions and thus no response is required. To the extent a response is required, Defendant denies the allegations.
37. The allegations in paragraph 37 assert legal conclusions and thus no response is required. To the extent a response is required, Defendant denies the allegations.
38. Defendant is without knowledge as to the truth or falsity of the allegations in paragraph 38 and therefore denies the allegations.

## CLASS ALLEGATIONS

39. Defendant denies the allegations contained in paragraph 39.
40. Defendant denies the allegations contained in paragraph 40.

41. Defendant denies the allegations contained in paragraph 41.

42. Defendant is without knowledge as to the number or identities of alleged Class Members and therefore denies the allegations in paragraph 42.

43. Defendant is without knowledge as to the allegations in paragraph 43 and therefore denies the allegations.

44. The allegations in paragraph 44 assert legal conclusions and thus no response is required. To the extent a response is required, Defendant denies the allegations.

45. Defendant denies the allegations contained in paragraph 45.

46. Defendant denies the allegations contained in paragraph 46.

47. Defendant denies the allegations contained in paragraph 47.

48. Defendant denies the allegations contained in paragraph 48.

49. Defendant denies the allegations contained in paragraph 49.

**COUNT I**

**Violations of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d)**

*(On Behalf of Plaintiff and the Class)*

50. Defendants incorporates by reference its responses to the preceding paragraphs as though fully set forth herein.

51. The allegations in paragraph 51 assert legal conclusions and thus no response is required. To the extent a response is required, Defendant denies them.

52. The allegations in paragraph 52 assert legal conclusions and thus no response is required. To the extent a response is required, Defendant denies them.

53. The allegations in paragraph 53 assert legal conclusions and thus no response is required. To the extent a response is required, Defendant denies them.



**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 500 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

54. Defendant denies the allegations contained in paragraph 54.

55. Defendant denies the allegations contained in paragraph 55.

56. Defendant denies the allegations contained in paragraph 56.

57. Defendant denies the allegations contained in paragraph 57.

58. Defendant denies the allegations contained in paragraph 58.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the relief requested in the "PRAYER FOR RELIEF," including subparagraphs (a) through (e).

## JURY DEMAND

Defendant denies that Plaintiff is entitled to demand a jury trial.

**WHEREFORE**, Defendant respectfully requests that this Court grant judgment of no liability in favor of Defendant, and such other and further relief this Court deems necessary and proper.

## DEFENSES

Defendant does not allege or admit that it bears the burden of proof with respect to any of the following defenses, nor does Defendant assume the burden of proof of any matters that would otherwise rest on Plaintiffs. Additionally, reserves the right to supplement this Answer and assert additional affirmative defenses, other defenses and/or counterclaims at such time and to such extent as warranted by discovery and the factual development of this case.

## FIRST DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff provided prior express consent or express written consent to receive the communications at issue.

**SECOND DEFENSE**

Plaintiff's claims are barred in whole or in part by the doctrine of waiver, including waiver of class claims through agreement.

**THIRD DEFENSE**

Plaintiff has failed to allege sufficient facts upon which a claim for relief may be granted against Defendant in whole or in part.

**FOURTH DEFENSE**

Plaintiff is estopped from entitlement to any recovery, if any, by reason of her own acts and omissions, including failure to properly notify Defendant and/or its agents not to call Plaintiff.

**FIFTH DEFENSE**

Plaintiff's purported claims are barred because Defendant and/or its agents relied in good faith on the prior express consent submitted by or on behalf of Plaintiff.

**SIXTH DEFENSE**

Plaintiff's purported claims are barred to the extent Plaintiff is not the subscriber, user or owner of the mobile number on which Plaintiff alleges that calls were made to her from Defendant.

**SEVENTH DEFENSE**

Plaintiff's purported claims against Defendant are barred, in whole or in part, because any alleged damages he may have sustained were caused by individuals, third parties or entities other than Defendant.

**EIGHTH DEFENSE**

Plaintiff's purported claims are barred to the extent Plaintiff and/or the class members are not residential subscribers and/or used their telephone for business purposes, including by listing of the Plaintiff's telephone number on business websites. *Bank v. Indep. Energy Grp. LLC*, No. 12-CV-1369, 2014 WL 4954618, at *3 (E.D.N.Y. Oct. 2, 2014) (if the subscriber holds out such a telephone number to the general public as a business line, the line should not be considered "residential" for the purposes of the TCPA).

**NINTH DEFENSE**

The allegations of the Complaint are not well-grounded either in fact or in law, and/or have been asserted for an improper purpose, and Defendant reserves the right to seek an award of fees and costs of this lawsuit against Plaintiff.

**TENTH DEFENSE**

Plaintiff's claims are barred to the extent Plaintiff is not an adequate class representative and/or has a conflict of interest.

**ELEVENTH DEFENSE**

Plaintiff's claims are barred because she failed, refused and neglected to take proper action and follow the applicable procedures to be included on the internal do-not-call list of Defendant.

**TWELFTH DEFENSE**

Plaintiff's claims are barred to the extent that the class members only received one call, and/or suffered no damages or injury.

**THIRTEENTH DEFENSE**

Plaintiff's cause of action is barred to the extent that the calls to Plaintiff were made by another third party.

**FOURTEENTH DEFENSE**

Plaintiff's purported claims are barred to the extent that Defendant did not directly make any of the calls. Defendant is not vicariously liable for the alleged calls made to Plaintiff.

**FIFTEENTH DEFENSE**

The action is not proper for class certification because Plaintiff cannot meet the prerequisites for class certification under Rule 23(a), and he bears the burden to prove them all.

**SIXTEENTH DEFENSE**

The action is not proper for class certification because Plaintiff cannot meet the requirements for class certification under Rule 23(b), and he bears the burden to prove them all.

**SEVENTEENTH DEFENSE**

The action is not proper for class certification as the questions of law and fact of the individuals predominate over the questions of law or fact common to the members, including but not limited to, the nature and specific circumstances regarding the alleged telephone calls, Plaintiff's prior express consent, and Plaintiff's alleged requests to be included on the internal do-not-call list.

**EIGHTEENTH DEFENSE**

The action is not proper for class certification because the allegations are not typical and representative of the proposed class, including but not limited to, the nature and specific circumstances regarding the alleged telephone calls and Plaintiff's prior express consent.



COLE, SCOTT & KISSANE, P.A.
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 500 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

**NINETEENTH DEFENSE**

The action is not proper for class certification because Plaintiff cannot establish the numerosity requirement since there are no other known individuals similarly situated as Plaintiff.

**TWENTIETH DEFENSE**

Any injury, statutory or otherwise, allegedly suffered by Plaintiff was not caused by the acts, conduct, or omissions of Defendant.

**TWENTY-FIRST DEFENSE**

Any damage or loss sustained by Plaintiff and attributable to Defendant (if any) must be reduced, diminished, and/or barred in proportion to the wrongful or negligent conduct of persons or entities other than Defendant, including third parties, under principles of equitable allocation, recoupment, set-off, proportionate responsibility, and/or comparative negligence or fault.

**TWENTY-SECOND DEFENSE**

Plaintiff's claims are barred because she lacks standing and has not suffered any Article III injury. *Weitz v. Genting New World LLC*, 661 F. Supp. 3d 1208, 1212 (S.D. Fla. 2023) (Article III jurisdiction requirement applies to TCPA claims).

**TWENTY-THIRD DEFENSE**

Plaintiff has failed, refused and neglected to take reasonable steps to mitigate the alleged damages, if any, thus barring or diminishing Plaintiff's recovery herein.

**TWENTY-FOURTH DEFENSE**

Plaintiff's claims are barred to the extent that Plaintiff engaged in fraud or made misrepresentations to induce Defendant to call her.



COLE, SCOTT & KISSANE, P.A.
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 500 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

**TWENTY-FIFTH DEFENSE**

Plaintiff's claims are barred to the extent that Plaintiff engaged in entrapment.

**TWENTY-SIXTH DEFENSE**

Plaintiff's claims are barred to the extent that Plaintiff's class representative is a professional plaintiff, and not an adequate class representative.

**WHEREFORE**, Defendant denies that Plaintiffs are entitled to recovery or relief in any amount whatsoever, and respectfully prays that this Court:

a. Dismiss Plaintiffs' Complaint with prejudice, and deny all relief, damages, and other remedies requested by Plaintiffs;

b. Deny certification of the proposed classes;

c. Deny appointment of Plaintiff as class representative for the Classes;

d. Deny appointment of Plaintiff's counsel as Class Counsel;

e. Enter an award of costs and attorneys' fees in favor of Defendant; and

f. Grant Defendant any and all further relief the Court deems just and proper.

Dated: November 21, 2025 Respectfully submitted,

**COLE, SCOTT & KISSANE, P.A.**
*Counsel for Northfield Holding Corp.*
*d/b/a Florida Window and Door*
Esperanté Building
222 Lakeview Avenue, Suite 500
West Palm Beach, Florida 33401
Telephone (561) 383-9200
Facsimile (561) 683-8977

By: */s/ Justin Kolnick*
JUSTIN KOLNICK
Florida Bar No.: 1059202
LIZZA C. MALDONADO
Florida Bar No.: 1002945

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this November 21st, 2025, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

By: */s/ Justin Kolnick*
JUSTIN KOLNICK
Florida Bar No.: 1059202



**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 500 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX